UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANYEL ALBERTO MELO FRANCO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, *et al.*,<br><br>Respondents. | No.  1:26-cv-01383-KES-CDB (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT (A-Number 246 605 732)<br><br>(Docs. 1, 7)<br><br>**14-DAY OBJECTION PERIOD** |

Petitioner Anyel Alberto Melo Franco ("Petitioner"), a federal immigration detainee, proceeds pro se with a petition for writ of habeas corpus filed under 28 U.S.C. § 2241.  (Doc. 1). For the reasons set forth below, the undersigned recommends that the Court dismiss Petitioner's petition for writ of habeas corpus as moot.

**I.     Background**

On February 17, 2026, Petitioner filed the instant petition while in custody of Immigration and Customs Enforcement ("ICE") at the Golden State Annex facility, located in McFarland, California.  (Doc. 1 ¶ 1).  On February 19, 2026, the Court preliminarily concluded that Petitioner's petition may be cognizable under 28 U.S.C. § 2241 and entered an order setting a briefing schedule on the petition.  (Doc. 6).  On March 12, 2026, Respondents filed a response to the petition.  (Doc. 7).

Respondents assert that an immigration judge found Petitioner was removable and, as

1

Petitioner did not apply for relief from removal, the immigration judge ordered Petitioner removed to the Dominican Republic on February 18, 2026; Petitioner waived appeal of the order. On March 3, 2026, Petitioner was removed. *Id.* at 1. Respondents contend that because Petitioner is no longer in custody, the relief sought in his petition can no longer be granted such that his claims must be dismissed as moot. *Id.*

Respondents attach to their response the order of the immigration judge. (Doc. 7-1). The order directs that Petitioner be removed to the Dominican Republic. It is dated February 18, 2026, and signed by an immigration judge. It notes that appeal was waived. *See id.* Respondents also attach a report titled "Detention History," noting that Petitioner was removed on March 3, 2026. (Doc. 7-2).

## II.     Governing Authority

"To maintain an extant claim, a litigant must continue to have a personal stake in the outcome of the suit throughout 'all stages of federal judicial proceedings.'" *Abdala v. I.N.S.*, 488 F.3d 1061, 1063 (9th Cir. 2007) (quoting *United States v. Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001)). "At any stage of the proceeding a case becomes moot when 'it no longer present[s] a case or controversy under Article III, § 2 of the Constitution.'" *Id.* (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).

"For a habeas petition to continue to present a live controversy after the petitioner's release or deportation … there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Id.* at 1064 (citation omitted); *see Spencer*, 523 U.S. at 7 ("Once the [petitioner's] sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained."). "Where the grounds for habeas relief will not redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody." *Id.*

## III.    Discussion

Here, Petitioner's petition seeks immediate release from custody or, in the alternative, a hearing before an immigration judge where the government must establish by clear and convincing

2

evidence that Petitioner presents a risk of flight or danger and order Petitioner's release if the government cannot meet its burden.  (Doc. 1 at 18).  Given Respondents attach documentation setting forth Petitioner's removal, Petitioner is unable to present a collateral consequence that can be remedied by a successful ruling on the petition.  Review of ICE's detainee locator for Petitioner's name, A-number (246-605-732), and country of birth (Dominican Republic) confirms there are zero results indicating Petitioner remains in immigration detention. [1]  *See* (Doc. 1 at 1); (Doc. 7).

Thus, Petitioner's removal to the Dominican Republic moots the relief he seeks in his petition.  *See, e.g.*, *Abdala*, 488 F.3d at 1065; *Ortega v. Andrews*, No. 1:25-cv-00730-HBK-JLT (HC), 2025 WL 3110992, at *2 (E.D. Cal. Nov. 6, 2025) ("Petitioner's removal cures his complaints about the length of his detainment without a bond hearing. … Because Petitioner is no longer in ICE detention, the Court lacks jurisdiction to consider the claim raised in the Petition."), *recommendation adopted*, 2025 WL 3281832 (E.D. Cal. Nov. 25, 2025) (adopting findings and recommendations, dismissing petition as moot, and directing Clerk of Court to close case).

Because Petitioner is no longer in ICE custody, the undersigned finds that no case or controversy exists and recommends that the petition be dismissed as moot, as other judges of this Court have found and dismissed for mootness under similar circumstances.  *See, e.g.*, *Harutyunyan v. Warden*, No. 1:25-cv-00859-HBK (HC), 2025 WL 3467495, at *2 (E.D. Cal. Dec. 2, 2025); *Colin v. Warden*, No. 1:23-cv-00127-CDB-JLT (HC), 2025 WL 2260049, at *2 (E.D. Cal. July 25, 2025), *recommendation adopted*, 2025 WL 2373532 (E.D. Cal. Aug. 14, 2025) (dismissing petition without prejudice as moot); *Nadyrov v. Warden*, No. 1:25-cv-00754-JLT-EPG-HC, 2025 WL 3555166, at *1 (E.D. Cal. Dec. 11, 2025), *recommendation adopted*, 2026 WL 147983 (E.D. Cal. Jan. 20, 2026); *Nguyen v. Field Office Director*, No. 1:24-cv-01579-KES-EPG-HC, 2025 WL 1864885, at *1 (E.D. Cal. June 4, 2025), *recommendation adopted,* 2025 WL 2106696 (E.D. Cal. July 28, 2025).

///

---

[1]  *See* https://locator.ice.gov/odls/#/search (last visited Mar. 23, 2026); https://acis.eoir.justice.gov/en/caseInformation (last visited Mar. 23, 2026); *see also Daniels-Hall v. National Edu. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) ("It is appropriate to take judicial notice of this information, as it was made publicly available by government entities[.]").

**IV.     Conclusion and Recommendation**

Accordingly, IT IS RECOMMENDED that:

1.  Petitioner's petition for writ of habeas corpus (Doc. 1) be DISMISSED as MOOT; and

2.  The Clerk of the Court be DIRECTED to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **March 23, 2026**                                   _____
                                                              UNITED STATES MAGISTRATE JUDGE